**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005 | ) ) ) ) ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | Case No. 18-2840 |
| U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001 | ) ) ) ) ) | |
| EXECUTIVE OFFICE FOR IMMIGRATION<br>REVIEW,<br>5107 Leesburg Pike<br>Falls Church, VA 22041 | ) ) ) ) ) ) | |
| U.S. MARSHALS SERVICE<br>CG-3, 15th Floor<br>Washington, DC 20530 | ) ) ) ) ) | |
| U.S. DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES,<br>200 Independence Avenue, SW<br>Washington, DC 20201 | ) ) ) ) ) ) | |
| ADMINISTRATION FOR CHILDREN AND<br>FAMILIES,<br>330 C Street, SW<br>Washington, DC 20201 | ) ) ) ) ) ) | |
| U.S. DEPARTMENT OF<br>HOMELAND SECURITY,<br>245 Murray Lane, SW<br>Washington, DC 20528 | ) ) ) ) ) ) | |
| U.S. CUSTOMS AND<br>BORDER PROTECTION,<br>1300 Pennsylvania Avenue, NW<br>Washington, DC 20229 | ) ) ) ) ) ) | |

U.S. IMMIGRATION AND CUSTOMS                 )
ENFORCEMENT,                                 )
500 12th Street, SW                          )
Washington, DC 20536                         )
                                             )
U.S. CITIZENSHIP AND IMMIGRATION             )
SERVICES,                                    )
20 Massachusetts Avenue, NW                  )
Washington, DC 20001                         )
                                             )
and                                          )
                                             )
OFFICE OF MANAGEMENT AND BUDGET,             )
725 17th Street, NW                          )
Washington, DC 20503                         )
                                             )
                           *Defendants*.     )
                                             )

## COMPLAINT

1.      Plaintiff American Oversight brings this action against the U.S. Department of

Justice, the Executive Office for Immigration Review, the U.S. Marshals Service, the U.S.

Department of Health and Human Services, the Administration for Children and Families, the

U.S. Department of Homeland Security, the U.S. Customs and Border Protection, the U.S.

Immigration and Customs Enforcement, the U.S. Citizenship and Immigration Services, and

Office of Management and Budget under the Freedom of Information Act, 5 U.S.C. § 552

(FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory

and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. §§ 1331, 2201, and 2202.

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C.

§ 1391(e).

4.      Because Defendants have failed to comply with the applicable time-limit provisions of the FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.      Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6.      Defendant U.S. Department of Justice (DOJ) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOJ has possession, custody, and control of records that American Oversight seeks.

7.      Defendant Executive Office for Immigration Review (EOIR) is a component of DOJ and is headquartered in Falls Church, VA. EOIR has possession, custody, and control of records that American Oversight seeks.

8.      Defendant United States Marshals Service (USMS) is a component of DOJ and is also headquartered in Washington, DC. USMS has possession, custody, and control of records that American Oversight seeks.

9.      Defendant U.S. Department of Health and Human Services (HHS) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). HHS has possession, custody, and control of records that American Oversight seeks.

10.     Defendant Administration for Children and Families (ACF) is a component of HHS and is also headquartered in Washington, DC. ACF has possession, custody, and control of records that American Oversight seeks.

11.     Defendant U.S. Department of Homeland Security (DHS) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The DHS Privacy Office (DHSHQ) coordinates FOIA requests for several DHS components, including U.S. Customs and Border Protection (CBP), U.S. Immigration and Customs Enforcement (ICE), and U.S. Citizenship and Immigration Services (USCIS). DHS has possession, custody, and control of records that American Oversight seeks.

12.     Defendant U.S. Customs and Border Protection (CBP) is a component of DHS and is also headquartered in Washington, DC. CBP has possession, custody, and control of records that American Oversight seeks.

13.     Defendant U.S. Immigration and Customs Enforcement (ICE) is a component of DHS and is also headquartered in Washington, DC. ICE has possession, custody, and control of records that American Oversight seeks.

14.     Defendant U.S. Citizenship and Immigration Services (USCIS) is a component of

DHS and is also headquartered in Washington, DC. USCIS has possession, custody, and control

of records that American Oversight seeks.

15.     Defendant Office of Management and Budget (OMB) is an office within the

Executive Office of the President of the United States, an agency of the federal government

within the meaning of 5 U.S.C. § 552(f)(1), and is headquartered in Washington, DC. OMB has

possession, custody, and control of records that American Oversight seeks.

## STATEMENT OF FACTS

*Cost Records FOIA*

16.     American Oversight has sought from HHS, ACF, DHS, CBP, ICE, EOIR, USMS,

OMB, and DOJ the following records (henceforth the "Cost Records"):

1.  Records sufficient to identify total costs of crafting and implementing the family separation policy for FY 2018 and FY 2019 (including funds obligated for and reprogrammed to efforts related to the family separation policy in FY 2018, as well as funds requested for FY 2019).

2.  Records sufficient to identify the programs from which funds for housing and reuniting children separated from their parents have been diverted, as well as the amount of funding diverted from those programs.

American Oversight sought all responsive records from January 20, 2017 through the date of the

search, and specified the search should include all locations and individuals likely to contain

responsive records, including at least past and current individuals working within the Office of

Legislative Affairs, the Judicial Management Division, and the Executive Office for United

States Attorneys.

17.     On October 2, 2018, American Oversight submitted a FOIA request to HHS,

ACF, DHS, CBP, ICE, EOIR, USMS, and OMB for the Cost Records to be produced within

twenty business days. A copy of this October 2, 2018 FOIA request is attached hereto as Exhibit

A and incorporated herein.

18.     DHS assigned the request tracking number 2019-HQFO-0010.

19.     DHS issued its final determination by letter dated October 18, 2018, stating that it

was unable to locate or identify any responsive records.

20.     American Oversight filed a timely appeal on October 23, 2018, challenging the

adequacy of the agency's search.

21.     DHS assigned American Oversight's appeal tracking number 2019-HQAP-0027.

22.     ICE assigned the request reference number 2019-ICFO-10805.

23.     EOIR assigned the request control number 2019-820.

24.     HHS, ACF, CBP, USMS, and OMB did not return FOIA request

acknowledgements.

25.     On October 12, 2018, American Oversight submitted a FOIA request to DOJ's

Office of Information Policy for the Cost Records to be produced within twenty business days. A

copy of this October 12, 2018 FOIA request is attached hereto as Exhibit B and incorporated

herein.

26.     DOJ's Office of Information Policy assigned the request tracking number 2019-

000227 and forwarded the request to DOJ's Justice Management Division, which assigned the

request tracking number 115120.

*Cost Communications FOIA*

27.     American Oversight has sought from HHS, ACF, DHS, CBP, ICE, USCIS,

USMS, OMB, and DOJ the following records (henceforth the "Cost Communications"):

> 1.    All records reflecting communications of political appointees* (including
>        emails, email attachments, text messages, voicemail transcripts, messages

on messaging platforms—such as Slack, GChat or Google Hangouts, Lync, Skype, WhatsApp, Facebook messaging, Twitter Direct Messages, or Signal—calendar invitations, calendar entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, any handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) regarding the cost of the family separation policy, including:

    a.  the availability or unavailability of budgeted, obligated, or appropriated funds;

    b.  any evaluation, assessment, or analysis of currently available appropriations that could be used to fund implementation of the family separation policy; and

    c.  constraints on planning for funding of the family separation policy.

2.  All records reflecting communications of political appointees* (including emails, email attachments, text messages, voicemail transcripts, messages on messaging platforms—such as Slack, GChat or Google Hangouts, Lync, Skype, WhatsApp, Facebook messaging, Twitter Direct Messages, or Signal—calendar invitations, calendar entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, any handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) concerning the appropriations, budgeting requests, and costs involved with the implementation of the family separation policy between such political appointees and Congress, including congressional committees or staff. Responsive documents should include emails on which such political appointees and/or Congress were only copied (cc) or blind copied (bcc).

    *"Political appointee" should be understood as any person who is a Presidential Appointee with Senate Confirmation (PAS), a Presidential Appointee (PA), a noncareer SES, any Schedule C employees, or any persons hired under Temporary Non-Career SES Appointments, Limited Term SES Appointments, or Temporary Transitional Schedule C Appointments.

American Oversight sought all responsive records from January 20, 2017 through the date of the search.

28.    On October 2, 2018, American Oversight submitted a FOIA request to HHS, ACF, CBP, DHS, ICE, USCIS, USMS, and OMB for the Cost Communications to be produced

within twenty business days. A copy of this October 2, 2018 FOIA request is attached hereto as

Exhibit C and incorporated herein.

29.     DHS assigned the request tracking number 2019-HQFO-00011.

30.     CBP assigned the request tracking number CBP-OIT-2019-000948.

31.     ICE assigned the request reference number 2019-ICFO-10816.

32.     USCIS assigned the request tracking number COW2018001163.

33.     HHS, ACF, USMS, and OMB did not return FOIA request acknowledgements.

34.     On October 12, 2018, American Oversight submitted a FOIA request that DOJ's

Office of Information Policy produce, within twenty business days, the Cost Communications in

addition to:

> 3.   All records reflecting communications (including emails, email
>      attachments, text messages, voicemail transcripts, messages on messaging
>      platforms—such as Slack, GChat or Google Hangouts, Lync, Skype,
>      WhatsApp, Facebook messaging, Twitter Direct Messages, or Signal—
>      calendar invitations, calendar entries, meeting notices, meeting agendas,
>      informational material, draft legislation, talking points, any handwritten or
>      electronic notes taken during any oral communications, summaries of any
>      oral communications, or other materials) between (1) anyone in the Office
>      of Legislative Affairs (OLA) or the Justice Management Division (JMD)
>      and (2) anyone in the Executive Office for United States Attorneys
>      (EOUSA):
>
>      > a.   concerning the appropriations, budgeting requests, and
>      >      costs involved with the implementation of the family
>      >      separation policy; or
>      >
>      > b.   indicating identification of required resources and requests
>      >      for additional resources required for implementing the
>      >      zero-tolerance policy.

A copy of this October 12, 2018 FOIA request is attached hereto as Exhibit D and incorporated

herein.

32.     DOJ responded on November 1, 2018 claiming "unusual circumstances" to extend the time limit to respond.

33.     On October 26, 2018, American Oversight submitted a FOIA request to EOIR for the Cost Communications to be produced within twenty business days. A copy of this October 26, 2018 FOIA request is attached hereto as Exhibit E and incorporated herein.

34.     EOIR assigned the request control number 2019-4414.

*Exhaustion of Administrative Remedies*

35.     As of the date of this Complaint, Defendants HHS, ACF, CBP, ICE, USCIS, DOJ, USMS, EOIR, and OMB have failed to (a) notify American Oversight of any determination regarding American Oversight's FOIA requests, including the full scope of any responsive records the agency intends to produce or withhold and the reasons for any withholdings; or (b) produce all of the requested records or demonstrate that the requested records are lawfully exempt from production.

36.     Through the failure of HHS, ACF, CBP, ICE, USCIS, DOJ, USMS, EOIR, and OMB to make determinations as to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

37.     Through DHS's failure to make a determination regarding American Oversight's appeal within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Records**

34.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

35.     American Oversight properly requested records within the possession, custody, and control of the Defendants.

36.     Defendants are agencies and a component thereof subject to FOIA and must therefore make reasonable efforts to search for requested records.

37.     Defendants have failed to promptly review agency records for the purpose of locating those records which are responsive to American Oversight's requests.

38.     Defendants' failure to conduct adequate searches for responsive records violates FOIA.

39.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Records

40.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

41.     American Oversight properly requested records within the possession, custody, and control of the Defendants.

42.     Defendants are agencies and a component thereof subject to FOIA and must therefore release in response to FOIA requests any non-exempt records and provide a lawful reason for withholding any materials.

43.     Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

44.     Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

45.     Defendants' failure to provide all non-exempt responsive records violates FOIA.

46.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to conduct searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests identified in this Complaint;

(2) Order Defendants to produce, within twenty days of the Court's order, by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: December 4, 2018                    Respectfully submitted,

                                           */s/ Joseph F. Yenouskas*
                                           Joseph F. Yenouskas (D.C. Bar No. 414539)
                                           GOODWIN PROCTER LLP
                                           901 New York Avenue, NW
                                           Washington, DC 20001
                                           (202) 346-4143
                                           JYenouskas@goodwinlaw.com

                                           */s/ Glenn S. Kerner*
                                           Glenn S. Kerner (*pro hac vice* pending)
                                           GOODWIN PROCTER LLP
                                           The New York Times Building
                                           620 Eighth Avenue
                                           New York, NY 10018
                                           (212) 813-8800
                                           GKerner@goodwinlaw.com

                                           */s/ Austin R. Evers*
                                           Austin R. Evers (D.C. Bar No. 1006999)
                                           AMERICAN OVERSIGHT
                                           1030 15th Street NW, B255
                                           Washington, DC 20005
                                           (202) 869-5245
                                           austin.evers@americanoversight.org

                                           *Counsel for Plaintiff American Oversight*