**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN OVERSIGHT,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, ET AL.,<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 18–2840 (RBW)

## JOINT STATUS REPORT

The parties, by and through their undersigned counsel, and pursuant to the Court's March 6, 2019 Minute Order, respectfully submit the following Joint Status Report.

Plaintiff American Oversight ("Plaintiff")'s Complaint, brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552,  raises claims against the U.S. Department of Justice's Office of Information and Policy ("OIP"), the Executive Office for Immigration Review ("EOIR"), the U.S. Marshals Service ("Marshals Service"), the U.S. Department of Health and Human Services ("HHS"), the Administration for Children and Families ("ACF"), the U.S. Department of Homeland Security ("DHS"), the U.S. Customs and Border Protection ("CBP"), the U.S. Immigration and Customs Enforcement ("ICE"), the U.S. Citizenship and Immigration Services ("USCIS"), and Office of Management and Budget ("OMB").  Plaintiff sent FOIA requests to the defendant agencies seeking records pertaining to the costs of drafting and implementing a family separation policy for  FY 2018  and FY 2019, as well as certain funding information associated with such a policy (the "Cost Records").  Plaintiff also sought various records concerning communications about this policy (the "Cost Communications").

**Defendants' Position**

Defendants represent the following status for the processing of plaintiff's FOIA requests to each agency.

By letter dated December 10, 2018, OIP issued a final response to plaintiff's request for "Cost Records."  With respect to plaintiff's request for "Cost Communications", OIP has initiated the search process by sending a search notification to relevant offices to search for records that would not be captured in OIP's remote email/electronic searches, which are currently pending in OIP's backlogged search queue.  In light of the significant number of FOIA requests ahead of plaintiff's in the search queue awaiting search completion, OIP anticipates that it will be able to complete its search with respect to plaintiff's remaining request within up to four months.  Once the search has been completed, OIP will perform a preliminary review of the potentially responsive records and confer with plaintiff over a processing schedule.

Additionally, OIP has recently conducted relevant searches in related matters.  To the extent that these relevant searches locate records responsive to Plaintiff's request, OIP endeavors to produce any such responsive material to Plaintiff on an interim basis as it is processed and produced in the related matter.

On or about October 19, 2018, EOIR notified plaintiff by mail that EOIR had no responsive documents to 2019-820 (seeking certain Cost Communications), and on November 30, 2018, EOIR notified plaintiff via e-mail that two documents potentially responsive to 2019-4414 (also seeking Cost Communications) had been located, and these documents had been referred to OIP for review and direct response to plaintiff.  Plaintiff also sought Cost Records, which was assigned EOIR number 2019-821.  By letter dated October 19, 2018, EOIR informed plaintiff that its request had been referred to OIP for direct response to plaintiff.

2

By letter dated March 12, 2019, the Marshals Service informed plaintiff that a search had been completed and no responsive records had been located.

HHS is currently searching for records concerning "Cost Records". HHS anticipates that by April 30, 2019, it will have completed its search for "Cost Records" or will be able to better anticipate a date for completion. HHS has not yet commenced a search for "Cost Communications" but anticipates commencing the search by April 3, 2019.

ACF performed a search for records responsive to plaintiff's request for "Cost Records" and located one document that is already in the public domain. By letter emailed to plaintiff today, March 27, 2019, ACF informed plaintiff how it could locate this document. With respect to plaintiff's request for "Cost Communications," ACF is still searching for responsive records. ACF anticipates that it will be able to complete this search by April 12, 2019. ACF will then review the records for responsiveness and following that, will process the responsive records and release nonexempt information.

DHS performed a search for records responsive to plaintiff's request for "Cost Records", and located no responsive records (Search 2019-HQFO-00010). Declaration of James V.L.M. Holzer ("Holzer Decl."), attached, ¶¶ 24, 26. With respect to plaintiff's request for records concerning "Cost Communications", DHSs completed its search for responsive records on March 15, 2019, and located 12 GB of data (Search 2019-HQFO-00011). Id. That data is currently awaiting being uploaded to DHS's FOIAXpress ("FX")'s Advanced Document Review ("ADR"), which is an application within FX that will allow DHS to de-duplicate files, and further review and identify potentially responsive records. Id. at ¶¶ 20-21, 26. DHS cannot currently anticipate when it will be able to upload this data, because there are twenty data sets ahead of plaintiff's to

be uploaded into ADR.  Id. at ¶ 27.  DHS anticipates having further information as to the status

of plaintiff's remaining request by April 26, 2019.  Id. at ¶ 27.

CBP did not receive plaintiff's first FOIA request for "Cost Records."  CBP did receive

the second FOIA request for Cost Communications."  CBP performed a search for records

responsive to "cost communications" which has resulted in approximately 11 GB of potentially

responsive documents.  CBP believes that its search was too broad and has returned many

nonresponsive documents.  In order to perform a new, more narrow search, CBP will confer with

plaintiff in order to more precisely determine the type of records plaintiff seeks.  This is especially

needed because plaintiff's request seeks CBP records concerning a "family separation policy" and

CBP has no such policy.

ICE has initiated multiple searches in connection with plaintiff's FOIA request for "Cost

Records" and "Cost Communications", and at this time ICE's searches are still underway.  ICE

anticipates that by May 10, 2019, ICE will be able to complete its searches or provide a date by

which the searches should be completed.  After the searches have been completed ICE will

be able to assess how many potentially responsive records have been located and suggest a

timetable for moving forward.

USCIS issued a final response to plaintiff by letter dated November 6, 2018, informing

plaintiff that USCIS had no responsive records with respect to "Cost Records" and "Cost

Communications".  Plaintiff failed to timely file an administrative appeal of this decision.

Accordingly, USCIS is prepared to move forward seeking a dismissal of plaintiff's claims against

USCIS for failure to properly exhaust administrative remedies.

OMB has initiated searches for records responsive to plaintiff's requests for "Cost

Records" and "Cost Communications".  OMB's search in response to request number 19-001

("Cost Records") is still in progress, and OMB anticipates that the search will be completed by April 5, 2019. At that point OMB will have collected the potentially responsive records and will be able to assess the time needed to process these records. OMB will then confer with plaintiff about a processing schedule. With respect to "Cost Communications," request number 19-006, OMB has completed its search, which resulted in the collection of 357 potentially responsive documents. OMB has commenced reviewing these documents and anticipates being able to complete its review and produce to plaintiff all nonexempt information by April 30, 2019.

Plaintiff is correct that defense counsel did not confer with plaintiff's counsel as she had anticipated. This was due to her unexpected receipt of a motion for preliminary injunction which, along with the other Court-ordered deadlines in her cases made gathering the status information from the ten agencies plaintiff chose to sue in one case more challenging than anticipated. Contrary to plaintiff's claim, there was no intentional refusal to meet and confer with plaintiff.

Plaintiff proposes below that defendants be ordered to confer with plaintiff telephonically on April 17, 2019. Defense counsel is certainly willing to confer with plaintiff's counsel. Defense counsel is available and willing to meet and confer with plaintiff's counsel by telephone on April 17, 2019, about the status of the case, and thus the parties are in agreement on this date. Defendants are agreeable to filing a further status report on April 26, 2019, as well. However, plaintiff is not entitled in a status report to seek substantive relief such as an order requiring defendants who have not yet completed their searches for responsive records to complete those searches by April 26, 2019. For some defendants that is impossible. This issue should be subject to proper briefing by the parties, in which defendants are given an opportunity to submit declarations explaining the progress of their searches and/or processing. Ordering searches to be

ACTIVE/99039022.1

performed by a certain date as a sanction for defense counsel failing to confer with plaintiff's

counsel on plaintiff's timetable is manifestly unjust to defendants and certainly not appropriate

relief to be sought in a status report.  Indeed, the accompanying Holzer Declaration demonstrates

the need for briefing and declarations when the progress of defendants' processing of plaintiff's

FOIA requests is disputed.

### Plaintiff's Position

Plaintiff submitted its FOIA request to Defendants for the Cost Records and Cost

Communications on October 2, 2018.  Under FOIA, Defendants are obligated by law to make a

final determination with respect to the request within 20 business days of the request, which is

more than 6 months ago.  To date, no final determination has been made.  In fact, some of the

Defendants, such as HHS, has indicated that it has not even commenced a search for all of the

requested records.

Without any meaningful explanation for their delay as to the specific FOIA request at

issue in this case, Defendants propose that the parties file another meet and confer report

regarding the status of the FOIA request on May 14, 2019.  Prior to the filing of the current

report, Plaintiff's counsel reached out to Defendants' counsel on numerous occasions in an

attempt to set up a telephonic meet and confer regarding the status of the Defendants' searches

and production schedule, including by email to Defendants' counsel in February 2019 and

subsequently on March 6, 2019, March 13, 2019 and March 26, 2019.  Because Defendants

failed to respond to Plaintiff's requests for a call[1], no meet and confer regarding the FOIA

request or Defendants' searches or production has taken place to date.  In fact, Plaintiff first

---

[1] For the first time in this report, Defendants provide their purported justification for failing to meet and confer with
Plaintiff despite the numerous attempts by Plaintiff to initiate a simple meet and confer call.  These reasons were
never provided to Plaintiff in response during any of the times Plaintiff's counsel reached out the Defendants'
counsel in February and March 2019.

ACTIVE/99039022.1

learned of the status of the various Defendants' delayed search efforts on the afternoon of March

27, 2019, the deadline to file this joint report.  Accordingly, the May 14, 2019 deadline

Defendants are proposing has no meaning when Defendants refuse to engage in any meet and

confer discussions with Plaintiff or provide any update before the date the report is due.[2]

Plaintiff respectfully requests that the Court order Defendants' counsel to engage in a

substantive telephonically meet and confer with Plaintiff's counsel regarding the requests by no

later than April 17, 2019.   Given Defendants' repeated delays with providing updates to Plaintiff

about the status of their searches and ability to commit to a production schedule, Plaintiff further

requests that the Court order Defendants to complete their search for the requested records and

file a joint status report no later than April 26, 2019 setting forth the number of initial search

results and the parties' positions with respect to a production schedule for responsive records.

Dated:  March 27, 2019

Respectfully submitted,

*/s/ April Sun*
Joseph F. Yenouskas (D.C. Bar No. 414539)
GOODWIN PROCTER LLP
901 New York Avenue, NW
Washington, DC 20001
Tel: (202) 346-4143
Fax: (202) 346-4444
Email: JYenouskas@goodwinlaw.com

April Sun
GOODWIN PROCTER LLP
3 Embarcadero Center
San Francisco, CA 94111
Tel: (415) 733-6000
Fax: (415) 677-9041
Email: asun@goodwinlaw.com

Glenn S. Kerner
GOODWIN PROCTER, LLP

---

[2] Plaintiff reserves all rights with respect to Defendants' allegation that Plaintiff failed to exhaust its administrative remedies.  Plaintiff will respond if and when USCIS files a motion seeking a dismissal of plaintiff's claims against USCIS on this basis.

ACTIVE/99039022.1

The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel: (212) 459-7460
Fax: (212) 355-3333
Email: Gkerner@goodwinlaw.com

Kimberly Prior
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Tel: (617)570-3907
Fax: (617)523-1231

Austin Ridgely Evers
AMERICAN OVERSIGHT
1030 15th Street, NW
Suite B255
Washington, DC 20005
Tel: (202) 869-5245
Fax: (202) 871-6523
Email: austin.evers@americanoversight.org

*Counsel for Plaintiff*

Dated:  March 27, 2019          Respectfully submitted,

JESSIE K. LIU
D.C. Bar #472845
United States Attorney

DANIEL F. VAN HORN
D.C. Bar # 924092
Chief, Civil Division

*/s/ Marina Utgoff Braswell*
Marina Utgoff Braswell
Assistant U.S. Attorney
U.S. ATTORNEY'S OFFICE FOR THE
DISTRICT OF COLUMBIA
555 Fourth Street, NW
Washington, DC 20530
Tel.: (202) 252-2561
Fax.: (202) 252-2599
Email: Marina.Braswell@usdoj.gov

*Counsel for Defendants*

8