**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AMERICAN OVERSIGHT, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civil Action No. 18–2840 (RBW) |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, ET AL., ) | |
| ) | |
| *Defendants*. ) | |

**JOINT STATUS REPORT**

The parties, by and through their undersigned counsel, and pursuant to the Court's May 29, 2019 Minute Order, respectfully submit the following Joint Status Report.

Plaintiff American Oversight ("Plaintiff")'s Complaint, brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, raises claims against the U.S. Department of Justice's Office of Information and Policy ("OIP"), the Executive Office for Immigration Review ("EOIR"), the U.S. Marshals Service ("Marshals Service"), the U.S. Department of Health and Human Services ("HHS"), the Administration for Children and Families ("ACF"), the U.S. Department of Homeland Security ("DHS"), the U.S. Customs and Border Protection ("CBP"), the U.S. Immigration and Customs Enforcement ("ICE"), the U.S. Citizenship and Immigration Services ("USCIS"), and Office of Management and Budget ("OMB"). Plaintiff sent FOIA requests to the defendant agencies seeking records pertaining to the costs of drafting and implementing a family separation policy for FY 2018 and FY 2019, as well as certain funding information associated with such a policy (the "Cost Records"). Plaintiff also sought various records concerning communications about this policy (the "Cost Communications").

On May 24, 2019, the parties filed a stipulation of dismissal as to defendants EOIR, Marshals Service and USCIS. On May 29, 2019, the Court dismissed with prejudice plaintiff's claims against EOIR, the Marshals service and USCIS. With respect to the remaining defendants, the parties report as follows.

As discussed in the parties' last joint status report, by letter dated December 10, 2018, OIP issued a final response to plaintiff's request for "Cost Records." With respect to plaintiff's request for "Cost Communications", OIP still anticipates being able to complete its search for responsive records by July 27, 2019. The rationale for the time needed to complete its search as set forth by OIP in the parties' joint status report filed on April 26, 2019, Dkt. No. 18, remains the same and is incorporated herein.

In the meantime, OIP has moved ahead to process the EOIR referred documents, but at present cannot anticipate when it will be in a position to release the documents given the need to consult with a significant number of other government entities. However, OIP has completed its processing of the EOIR referred documents, and has sent the material out to other government entities for consultation. Some of those consultations have been completed and some of them are outstanding. OIP will provide a response to plaintiff as it relates to the EOIR referred documents once the consultation process is complete.

HHS completed its search for "Cost Records" and identified 100 pages of potentially responsive information. HHS completed a second, more targeted search for records concerning "Cost Communications" and identified 5,865 pages of potentially responsive information. HHS will begin processing the potentially responsive records and issue quarterly interim responses. HHS will make productions no later than September 16, 2019, December 16, 2019, and March

16, 2020, with a final production no later than June 15, 2020.  HHS will produce any responsive, non-exempt "Cost Records" in the September 16, 2019 release.

With this schedule, HHS will be processing records at a rate of approximately 500 per month.

ACF has completed its response to plaintiff's request for "Cost Records".   With respect to plaintiff's request for "Cost Communications," ACF has identified 44 political appointees who have been with ACF since January 1, 2017 through the date of the search. ACF used search terms to try to identify potentially responsive emails for 4 of the political appointees. These searches yielded 173,984 potentially responsive pages. ACF provided plaintiff with a list of the 44 custodians with their titles and type of appointment to aid in plaintiff's consideration of ways to narrow the search.  Plaintiff responded with a request for search terms used, which ACF provided to plaintiff.  Plaintiff responded with some questions which ACF has answered.  Plaintiff has sent some proposals to ACF about areas of potential narrowing.  The parties intend to work further to try and narrow the searches for responsive documents.

With regard to plaintiff's request No. 2019-HQFO-00010, DHS previously advised that it performed a search for records responsive to plaintiff's request for "Cost Records" and located no records.  Declaration of James V.L.M. Holzer ("Holzer Decl."), Docket No. 17, ¶¶ 24, 26.  With respect to plaintiff's request No. 2019-HQFO-00011, DHS advised in the April JSR that the 12 GB of data associated with request No. 2019-HQFO-00011 had been moved from the DHS Privacy Officer server to FX, and then within FX this data has been fully uploaded to ADR and DHS has determined that the document count is 30, 931 potentially responsive records. The status of request No. 2019-HQFO-00011 has not changed since the filing of the April JSR due to strained personnel resources (as fully set out in the Holzer Declaration at paragraphs 6 through

18) and court ordered productions in other FOIA litigation cases. In addition, on May 6, 2019, one of the DHS Privacy Office employees who processes requests was deployed to assist with the emergency in the Southwest Border thereby further reducing the manpower available to process this and other requests. Nonetheless, DHS will endeavor to begin reviewing the documents in ADR for responsiveness within the next 60 days. DHS is acting in good faith in the processing of this request and will provide a further update to the court as to the status of this request in the next JSR.

As explained in the last joint status report, CBP did not receive plaintiff's first FOIA request for "Cost Records" and thus CBP is not processing any such request. CBP did receive the second FOIA request for Cost Communications" and performed a search for records responsive which resulted in approximately 11 GB of potentially responsive documents. CBP has conferred with plaintiff and provided to plaintiff the search terms used. Plaintiff responded with some questions which CBP has answered in part and expressed a willingness to answer further questions. Plaintiff has sent CBP some proposals to potentially narrow the searches. The parties intend to work further to try and narrow the searches for responsive documents.

As set forth in the last joint status report, ICE initiated multiple searches in connection with plaintiff's FOIA request for "Cost Records" and "Cost Communications". Most of the searches have been completed. There is one custodian who still needs to search but that person has been out of the office on a personal emergency and has still been unable to perform the search needed, which only this person can do. Even without that search having been completed, ICE is moving forward with the processing the approximately 1072 pages that have been located to date. ICE anticipates making an initial production of any responsive, nonexempt records on July 3, 2019, should there be any, after processing at least 500 pages by that date.

OMB has completed its searches for records responsive to plaintiff's requests for "Cost Records". OMB has collected the potentially responsive records, which consist of 11,607 documents. The parties have agreed to confer on suggested ways to move forward with processing this information, including attempting to narrow the amount to be processed, and anticipate moving forward with these efforts this week if possible. With respect to "Cost Communications," request number 19-006, OMB completed its review of the documents located in the searches and on April 30, 2019, produced to plaintiff all nonexempt information.

Dated: June 25, 2019

Respectfully submitted,

*/s/ April Sun*
Joseph F. Yenouskas (D.C. Bar No. 414539)
GOODWIN PROCTER LLP
901 New York Avenue, NW
Washington, DC 20001
Tel: (202) 346-4143
Fax: (202) 346-4444
Email: JYenouskas@goodwinlaw.com

April Sun
GOODWIN PROCTER LLP
3 Embarcadero Center
San Francisco, CA 94111
Tel: (415) 733-6000
Fax: (415) 677-9041
Email: asun@goodwinlaw.com

Glenn S. Kerner
GOODWIN PROCTER, LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel: (212) 459-7460
Fax: (212) 355-3333
Email: Gkerner@goodwinlaw.com

Kimberly Prior
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210

Tel: (617)570-3907
Fax: (617)523-1231

Austin Ridgely Evers
AMERICAN OVERSIGHT
1030 15th Street, NW
Suite B255
Washington, DC 20005
Tel: (202) 869-5245
Fax: (202) 871-6523
Email: austin.evers@americanoversight.org

*Counsel for Plaintiff*


JESSIE K. LIU
D.C. Bar #472845
United States Attorney

DANIEL F. VAN HORN
D.C. Bar # 924092
Chief, Civil Division

*/s/ Marina Utgoff Braswell*
Marina Utgoff Braswell
Assistant U.S. Attorney
U.S. ATTORNEY'S OFFICE FOR THE
DISTRICT OF COLUMBIA
555 Fourth Street, NW
Washington, DC 20530
Tel.: (202) 252-2561
Fax.: (202) 252-2599
Email: Marina.Braswell@usdoj.gov

*Counsel for Defendants*